**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KING ISAAC UMOREN,

Petitioner,

v.

WARDEN BIRKHOLZ,

Respondent.

Case No. 2:25-cv-12067-MEMF (ACCV)

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in Federal Custody, the records on file, and the Report and Recommendation of United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

Petitioner alleges the improper denial of credits under the First Step Act ("FSA"). (ECF No. 1 at 7.) The Report recommends the dismissal of the Petition without prejudice because Petitioner failed to exhaust administrative remedies and because his claims are not ripe. (ECF No. 10.) Petitioner's objections to the Report do not merit a different result.

Petitioner's eight objections focus on the Report's analysis of his failure to exhaust his claims. (ECF No. 12 at 17-46.) The gravamen of Petitioner's

objections is that it would be futile to exhaust his FSA claims because the Bureau of Prisons ("BOP") almost certainly would have denied them according to an official policy. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (*per curiam*) (exhaustion is futile where a prisoner's administrative claim would almost certainly have been denied pursuant to an official BOP policy). Specifically, Petitioner argues that exhaustion is futile because the BOP takes a "categorical position" that inmates cannot earn FSA credits while they are "in transit" from one federal prison to another. (ECF No. 12 at 24.) Whether the BOP has such an official policy, however, is not clear from this record.

In an attempt to show an official policy, Petitioner cites BOP guidance for the proposition that FSA credits begin to accrue "when the inmate arrives at their designated BOP facility." (ECF No. 12 at 14 (citing Exhibit F, ECF No. 12 at 68-73)).[1] But that circumstance is not applicable here. Petitioner is not claiming entitlement to credits for the time before he was transported to his initial designated facility. Instead, Petitioner seeks credits for the days between his transfer from one facility, the Federal Correctional Institute at Fort Dix, to another facility, the Federal Correctional Camp at Lompoc. (ECF No. 1 at 11.) Thus, Petitioner has not identified an official BOP policy that would have precluded his claims such that exhaustion would have been futile.

---

[1] Petitioner describes this document as BOP's May 13, 2026 nationwide guidance regarding the application of First Step Act Time Credits. The BOP email to which this document is attached describes it as the "FSA training guide").

In any event, the Court notes that the prior version of the relevant statute, 28 C.F.R. § 523.42, indicated that credits begin to accrue when an inmate first arrives at his designated facility (consistent with the guidance document). 28 C.F.R. § 523.42 (effective through Sep. 29, 2026). ("When an eligible inmate begins earning FSA Time Credits. An eligible inmate begins earning FSA Time Credits after the inmate's term of imprisonment commences *(the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served)*." (emphasis added)). The current version (effective September 30. 2026), states that credits accrue at sentencing. 28 C.F.R. § 523.42 ("When an eligible inmate begins earning FSA Time Credits. An eligible inmate begins earning FSA Time Credits after the inmate's term of imprisonment commences.").

Because Petitioner has not identified an official policy, he has not met his burden of showing that exhaustion would be futile.[2] But even assuming that Petitioner did show exhaustion should be excused as futile, dismissal of the Petition is warranted on the alternative ground of ripeness.

As the Report found, Petitioner's claims are not ripe. "[A] habeas claim alleging the BOP miscalculated FSA time credits is ripe for review only if a favorable disposition of the claim would result in the petitioner's imminent release." (ECF No. 10 at 11 (quoting *Athikulrat v. Cooper*, 2025 WL 1533193, at *2 (W.D. Wash. May 14, 2025)). Petitioner's earliest possible release date to the community is February 26, 2027. (ECF No. 10 at 12.) The 36 days of FSA credits that Petitioner claims he actually earned (*id.*) would not result in his imminent release. And although Petitioner also appears to challenge how his "future" FSA credits might be calculated (ECF No. 12 at 27), the Court agrees with the Report that habeas review is limited to FSA credits that are actually "earned," not on credits that Petitioner "may or may not earn in the future." (ECF No. 10 at 11 (citing *Camillo-Amisano v. Warden, FCI Terminal Island*, 2025 WL 2995153, at *3-4 (C.D. Cal. Sept. 9, 2025)).

///

///

///

///

---

[2] The Court also considered whether 28 C.F.R. § 523.41(c)(4) sets forth the applicable BOP policy on inmates who are in transit between two designated facilities. But this regulation does not appear to address this situation, although it addresses other forms of transit. But even if it did, this Court is in agreement with the determination that this regulation merely, "lists circumstances that *generally* make it difficult or impossible for a prisoner to access or participate in [FSA] programming. But it does not create a categorical bar[.]" *Dunlap v. Warden FMC Devens*, 2024 WL 5285006, at *9 (D. Mass. Dec. 13, 2024) (emphasis in original).

It is ordered that: (1) the Report and Recommendation is accepted and adopted; (2) the Motion to Dismiss is granted; and (3) Judgment will be entered dismissing the action without prejudice.

DATED: September 30, 2026

MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE